Daniel, Judge.
 

 — The possession of the plaintiff having been obtained by the license of Jacob File, the
 
 legal owner,
 
 it became a rightful possession. He was tenant, not from year to year, but a tenant at
 
 will,
 
 by implication. This kind of tenancy arises when the party is in possession of the premises, with the privity and consent of the owner, no express tenancy having been created, and no act having been done by the owner, impliedly acknowledging such party as his tenant; as where he has been let into possession, pending a treaty of purchase, or is let into possession under an agreement for a lease, he then becomes tenant at will. Adams on Ejectment, 103. File could not have maintained an action of ejectment against Walton, without having given him reasonable notice to quit; 'for there is no doubf that an ejectment treats the tenant in possession as a wrong-doer, at the time the action is brought. If he
 
 *569
 
 be lawfully in possession then, it is an answer to the action, whatever may be the date of the demise lain in the decía-ration: for an ejectment is altogether a fictitious remedy.
 
 Doe
 
 v.
 
 Jackson,
 
 8 Eng. Com. Law Reps. 126. All the authorities cited by the counsel for the plaintiff, go no further than to establish the above doctrine. The plaintiff, being considered in a court of .law, the tenant at will of Jacob File, File had a right, at his will and pleasure, to enter upon his own freehold. 1 Thomas’s Coke, 646-648, note D. And in this action of
 
 trespass quare, clausum fre-git,
 
 he and his codefendant, (who entered with his permission,) had in law a right to defend themselves, under their joint plea of “ not guilty.” We think the verdict and judgment must be set aside,, and a judgment of nonsuit entered. ,
 

 Pee Curiam. Judgment reversed..